CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

LEONORIO FACUNDO MORENO
SALAZAR, *individually and on behalf of*
*others similarly situated,*

**COMPLAINT**

*Plaintiff*,

-against-

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

SAUCE PIZZERIA LLC (D/B/A SAUCE
PIZZERIA- 12th Street), SAUCE
MANGEMENT LLC (D/B/A SAUCE), LES
PIZZA LLC (D/B/A SAUCE PIZZERIA-
LES), ADAM ELZER, HRVOJE
BRKLJACIC, EARL PETERKIN, and
MATHEW SILVA,

**ECF Case**

*Defendants.*

-------------------------------------------------------X

Plaintiff Leonorio Facundo Moreno Salazar ("Plaintiff Moreno" or "Mr. Moreno"),

individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal,

P.C., upon his knowledge and belief, and as against Sauce Pizzeria LLC (d/a/a Sauce Pizzeria-

12th Street), Sauce Management LLC (d/b/a Sauce), LES Pizza LLC (d/b/a Sauce Pizzeria),

("Defendant Corporations"), Adam Elzer, Hrvoje Brkljacic, Earl Peterkin, and Mathew Silva,

("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Moreno is a former employee of Defendants Sauce Pizzeria LLC (d/a/a Sauce Pizzeria- 12th Street), Sauce Management LLC (d/b/a Sauce Pizzeria), LES Pizza LLC (d/b/a Sauce Pizzeria), Adam Elzer, Hrvoje Brkljacic, Earl Peterkin, and Mathew Silva.

2.       Defendants own, operate, or control a pizza shop and restaurant, located at 78 Rivington Street, New York, NY 10002 under the name "Sauce", at 345 E 12 St, New York, NY 10003 under the name "Sauce Pizzeria – 12th Street", and at 84 Rivington St, New York, NY 10002 under the same "Sauce Pizzeria- LES".

3.      Upon information and belief, individual Defendants Adam Elzer, Hrvoje Brkljacic, Earl Peterkin, and Mathew Silva, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Moreno was employed as a dishwasher, food preparer, and delivery worker at the restaurants located at 78 Rivington St New York, NY 10002, and 345 E 12 St, New York, NY 10003, and 84 Rivington Street, New York, NY 10002.

5.      Plaintiff Moreno was ostensibly employed as a dishwasher, food preparer, delivery worker, and porter. However, for a period of his employment Plaintiff, Moreno was classified as a tipped employee, although he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to assembling pizza boxes, washing dishes, unpacking deliveries such as sodas and other merchandise, sweeping and mopping the restaurant, taking out the trash, and work as an assistant to the cook.

6.     At all times relevant to this Complaint, Plaintiff Moreno worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Moreno appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Moreno and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Moreno now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Moreno seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Moreno's state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate Pizza shop and Restaurant located in this district. Further, Plaintiff Moreno was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.     Plaintiff Leonorio Facundo Moreno Salazar ("Plaintiff Moreno" or "Mr. Moreno") is an adult individual residing in New York County, New York.

16.     Plaintiff Moreno was employed by Defendants at a pizza shop and restaurant from approximately August 2018, until on or about February 8, 2022.

17.     Plaintiff Moreno consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

18.     At all relevant times, Defendants own, operate, or control a pizza shop and restaurant, located at 78 Rivington St New York, NY 10002 under the name "Sauce", at 345 E 12 St, New York, NY 10003 under the name "Sauce Pizzeria – 12th Street", and at 84 Rivington St, New York, NY 10002 under the same "Sauce Pizzeria- LES".

19.     Upon information and belief, Sauce Pizzeria LLC (d/a/a Sauce Pizzeria- 12th Street) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 345 E 12th Street, New York, NY 10002.

20.     Upon information and belief, Sauce Management LLC (d/b/a Sauce) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 78 Rivington St New York, NY 10002.

21.     Upon information and belief, LES Pizza LLC (d/b/a Sauce Pizzeria) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 84 Rivington Street, New York, NY 10002.

22.     Defendant Adam Elzer is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Adam Elzer is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Adam Elzer possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Moreno, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Hrvoje Brkljacic is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Hrvoje Brkljacic is sued individually in his capacity as a manager of Defendant Corporations. Defendant Hrvoje Brkljacic possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of

Defendants, including Plaintiff Moreno, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.    Defendant Earl Peterkin is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Earl Peterkin is sued individually in his capacity as a manager of Defendant Corporations. Defendant Earl Peterkin possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Moreno, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.    Defendant Mathew Silva is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mathew Silva is sued individually in his capacity as a manager of Defendant Corporations. Defendant Mathew Silva possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Moreno, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.    Defendants operate a pizza shop and restaurant located in multiple neighborhoods in Manhattan.

27.    Individual Defendants, Adam Elzer, Hrvoje Brkljacic, Earl Peterkin and Mathew Silva, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff Moreno's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Moreno, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Moreno (and all similarly situated employees) and are Plaintiff Moreno's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Moreno and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendant Adam Elzer operated Defendant Corporations as either alter egos of himself and/or failed to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of his own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

33. At all relevant times, Defendants were Plaintiff Moreno's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Moreno, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Moreno's services.

34. In each year from 2018 to February 8, 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36. Plaintiff Moreno is a former employee of Defendants who ostensibly was employed as a dishwasher, food preparer, and delivery worker.

37. Plaintiff Moreno seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Leonorio Facundo Moreno Salazar*

38.     Plaintiff Moreno was employed by Defendants from approximately August 2018 until on or about February 8, 2022.

39.     Defendants ostensibly employed Plaintiff Moreno as a dishwasher, food preparer, delivery worker, and porter.

40.     From approximately February 2019 until December 31, 2019, and upon information and belief, Defendants employed and accounted for Plaintiff Moreno as a delivery worker on their payroll, but in actuality, his duties required a significant amount of time spent performing the non-tipped duties alleged above.

41.     Plaintiff Moreno regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42.     Plaintiff Moreno's work duties required neither discretion nor independent judgment.

43.     Throughout his employment with Defendants, Plaintiff Moreno regularly worked in excess of 40 hours per week.

44.     From approximately August 2018 until January 2019 Plaintiff Moreno worked as a dishwasher at the 78 Rivington St location from 5:00 p.m. until on or about 4:00 a.m. 6 days a week (typically 67 hours per week).

45.     From approximately February 2019 until December 31, 2019, Plaintiff Moreno worked as a delivery worker from 12:00 p.m. until on or about 12:00 a.m. 6 days a week (typically 72 hours per week).

46.     From approximately January 2020 until December 2020, Plaintiff Moreno worked as a porter at the 78 Rivington location from 7:00 a.m. until on or about 3:00 p.m. or 4:00 p.m., then worked a second shift at the E 12th location or 84 Rivington location as a delivery worker from 4:00 p.m. until on or about 2:00 a.m. 6 days a week (typically 51 to 60 hours per week).

47.     Plaintiff Moreno did not work for the month of March 2020 due to the Covid-19 pandemic.

48.     From approximately April 2020 until on or about February 2022 Plaintiff Moreno worked as a porter at the 84th Rivington location from 7:00 a.m. until on or about 3:00 p.m. or 4:00 p.m., then worked a second shift at the E 12th location or 84 Rivington location as a delivery worker from 4:00 p.m. until on or about 2:00 a.m. 6 days a week (typically 51 to 60 hours per week).

49.     Throughout his employment, Defendants paid Plaintiff Moreno his wages by a combination of checks and personal checks.

50.     From approximately August 2018 until on or about December 2018, Defendants paid Plaintiff Moreno a fixed salary of $845.00 per week.

51.     From approximately January 2019 until on or about June 2019, Defendants paid Plaintiff Moreno $12.50 per hour.

52.     From approximately June 2019 until on or about February 2022, Defendants paid Plaintiff Moreno $15.00 per hour.

53.     Plaintiff Moreno's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

54.     For example, Defendants required Plaintiff Moreno to work an additional 1 hour to 2 hours before and 1 hour to 2 hours after his scheduled departure time regularly, and did not pay him for the additional time he worked.

55.     Additionally, throughout his employment Defendants required Plaintiff Moreno to work on double shift on Sundays from 7:00 a.m. until on or about 1:00 a.m. two times a month and did not pay him for the additional time he worked.

56.     Defendants never granted Plaintiff Moreno any breaks or meal periods of any kind.

57.     From the start of his employment until approximately January 2022, Plaintiff Moreno was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as punch cards, during this time period, that accurately reflected his actual hours worked.

58.     On a number of occasions, Defendants required Plaintiff Moreno to sign a document, the contents of which he was not allowed to review in detail.

59.     In addition, in order to get paid, Plaintiff Moreno was required to sign a document in which Defendants misrepresented the hours that he worked per week.

60.     Additionally, Defendants would send Plaintiff Moreno weekly schedules which stated an inaccurate number of hours worked. Defendants did not abide by the schedules and required Plaintiff Moreno to work overtime and was not paid for all hours worked.

61.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Moreno regarding overtime and wages under the FLSA and NYLL.

62.     Defendants did not provide Plaintiff Moreno an accurate statement of wages, as required by NYLL 195(3).

63.     In fact, Defendants adjusted Plaintiff Moreno's paystubs so that they reflected inaccurate wages and hours worked.

64.     Defendants did not give any notice to Plaintiff Moreno, in English and in Spanish (Plaintiff Moreno's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65.     Defendants required Plaintiff Moreno to purchase "tools of the trade" with his own funds—including an electric bike and rain coats.

*Defendants' General Employment Practices*

66.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Moreno (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

67.     Plaintiff Moreno was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

68.     Defendants' pay practices resulted in Plaintiff Moreno not receiving payment for all his hours worked, and resulted in Plaintiff Moreno's effective rate of pay falling below the required minimum wage rate.

69.     Defendants habitually required Plaintiff Moreno to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

70.     Defendants required Plaintiff Moreno and all other delivery worker and dishwashers to perform general non-tipped tasks in addition to their primary duties as delivery worker and dishwashers.

71.      Plaintiff Moreno and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

72.     Plaintiff Moreno's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

73.      Plaintiff Moreno and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

74.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Moreno's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

75.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

76.     In violation of federal and state law as codified above, Defendants classified Plaintiff Moreno and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

77.     Defendants failed to inform Plaintiff Moreno who received tips that Defendants intended to take a deduction against Plaintiff Moreno's earned wages for tip income, as required by the NYLL before any deduction may be taken.

78.     Defendants failed to inform Plaintiff Moreno who received tips, that his tips were being credited towards the payment of the minimum wage.

79.     Defendants failed to maintain a record of tips earned by Plaintiff Moreno who worked as a delivery worker and dishwasher for the tips he received. Defendants' time keeping system did not reflect the actual hours that Plaintiff Moreno worked.

80.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

81.     On a number of occasions, Defendants required Plaintiff Moreno to sign a document the contents of which he was not allowed to review in detail. Defendants required Plaintiff Moreno to sign a document that reflected inaccurate or false hours worked. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

82.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Moreno (and similarly situated individuals) worked, and to avoid paying Plaintiff Moreno properly for his full hours worked.

83.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

84.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Moreno and other similarly situated former workers.

85.     Defendants failed to provide Plaintiff Moreno and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

86.     Defendants failed to provide Plaintiff Moreno and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

87.     Plaintiff Moreno brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

88.     At all relevant times, Plaintiff Moreno and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

89.     The claims of Plaintiff Moreno stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

90.     Plaintiff Moreno repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Moreno (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.     Defendants' failure to pay Plaintiff Moreno (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.     Plaintiff Moreno (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

94.      Plaintiff Moreno repeats and realleges all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiff Moreno's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Moreno, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

96.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Moreno less than the minimum wage.

97.     Defendants' failure to pay Plaintiff Moreno the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.    Plaintiff Moreno was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

99.    Plaintiff Moreno repeats and realleges all paragraphs above as though fully set forth herein.

100.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Moreno overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101.    Defendants' failure to pay Plaintiff Moreno overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102.    Plaintiff Moreno was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

103.    Plaintiff Moreno repeats and realleges all paragraphs above as though fully set forth herein.

104.    Defendants failed to provide Plaintiff Moreno with a written notice, in English and in Spanish (Plaintiff Moreno's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used

by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

105.    Defendants are liable to Plaintiff Moreno in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

106.    Plaintiff Moreno repeats and realleges all paragraphs above as though fully set forth herein.

107.    With each payment of wages, Defendants failed to provide Plaintiff Moreno with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

108.    Defendants are liable to Plaintiff Moreno in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

109.    Plaintiff Moreno repeats and realleges all paragraphs above as though fully set forth herein.

110.    Defendants required Plaintiff Moreno to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

111.    Plaintiff Moreno was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Moreno respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Moreno and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Moreno and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Moreno's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Moreno and the FLSA Class members;

(f)     Awarding Plaintiff Moreno and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Moreno and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Moreno;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Moreno;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Moreno's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Moreno;

(l)     Awarding Plaintiff Moreno damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Moreno damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Moreno liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be

owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Moreno and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Moreno and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Moreno demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

August 26, 2022

CSM LEGAL, P.C

By:      /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM LEGAL, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csm-legal.com

March 3, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Leonorio Facundo Moreno  Salazar
Legal Representative / Abogado:         CSM Legal, P.C.

Signature / Firma:                      _[signature]_

Date / Fecha:                           3 de Marzo 2022

*Certified as a minority-owned business in the State of New York*